# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-926V
(not to be published)

| | |
|---|---|
| MARTIN MCGRAIL *as father and natural guardian of minor* S.M., *and* AMY MCGRAIL *as mother and natural guardian of minor* S.M., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: August 15, 2022 |

*Jeffrey S. Pop, Esq.,* Jeffrey S. Pop & Assoc., Beverly Hills, CA, for Petitioners.

*Christine Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON PROFFER AWARDING DAMAGES[1]

On July 10, 2017, Martin and Amy McGrail, as parents and natural guardians of S.M., a minor, filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. The Petitioners alleged S.M. suffered from transverse myelitis as a result of a Hepatitis B vaccine administered to her on July 14, 2014. *Id.*

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After a two-day hearing in January 2020 (coupled with consideration of other issues briefed to me, based on matters not addressed at hearing), I found Petitioners were entitled to an award of damages. *McGrail* v. Sec'y of Health & Hum. Servs., No. 17-926V, 2021 WL 1728706, at *1 (Fed. Cl. Spec. Mstr. Apr. 23, 2021) (ECF No. 71). The parties have since then endeavored to agree on the proper amount of damages.

On August 12, 2022, Respondent filed a proffer proposing an award of compensation. ECF No. 88. I have reviewed the filing, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my Decision in awarding damages on the terms set forth therein. The proffer awards:

- A lump sum payment of $601,438.32, representing trust seed funds consisting of life care expenses expected to be incurred in the first year after judgment ($341,862.83), and the present year cost of compensation for expenses expected to be incurred in Compensation Year 2023 ($259,575.49), in the form of a check payable to Regions Bank, as Trustee of the Grantor Reversionary Trust for the benefit of S.M.;

- A lump sum payment of $1,307,233.09, representing compensation for pain and suffering ($250,000.00), and future lost earnings ($1,057,233.09), in the form of a check payable to Monmouth County Intermingled Trust Account FBO: S.M.;

- A lump sum payment of $123,444.66 representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioners; and

- An amount sufficient to purchase the annuity contract, subject to the conditions described in Section II. D. in the Proffer.

Proffer at 3–6. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioners are entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.