# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-926V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *
MARTIN MCGRAIL as father and natural      *
guardian of minor S.M., and AMY           *      Chief Special Master Corcoran
MCGRAIL as mother and natural guardian    *
of minor S.M.,                            *
                                          *      Dated: February 23, 2023
              Petitioners,                *
                                          *
      v.                                  *
                                          *
SECRETARY OF HEALTH AND                   *
HUMAN SERVICES,                           *
                                          *
              Respondent.                 *
                                          *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Jeffrey S. Pop, Esq.,* Jeffrey S. Pop & Assoc., Beverly Hills, CA, for Petitioners.

*Christine Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING ATTORNEY'S FEES AND COSTS**[1]

On July 10, 2017, Martin and Amy McGrail, as parents and natural guardians of S.M., a minor, filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petitioners alleged that a Hepatitis B vaccine administered to S.M. on July 14, 2014, caused her to incur transverse myelitis ("TM"). Petition (ECF No. 1). The claim was litigated for several years, but after hearing experts on the question of diagnosis

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

and the considering the parties' arguments with respect to entitlement, I found Petitioners should receive damages, and then issued a decision on proffer after the parties were able to agree to a sum to be awarded. *See* Damages Decision, dated August 15, 2022. ECF No. 89.

Petitioners have now filed a motion for a final award of attorney's fees and costs. Motion, dated February 10, 2023 (ECF No. 94). This is the first fees request made in the case's life. Petitioners request a total of $413,642.67 in attorney's fees and costs ($270,081.10 in fees, plus $143,561.57 in costs) for the work of multiple attorneys, including Mr. Jeffrey Pop, Ms. Kristina Grigorian, Ms. Alexandra Pop, a senior paralegal, and law clerks, plus a number of experts, all of whom worked on the matter from October 2015 to the present date. ECF No. 94-2 at 37.

Respondent reacted to the fees request on February 23, 2023. *See* Response, February 23, 2023 (ECF No. 95). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$413,642.67.**

## ANALYSIS

### I.   Attorney's Fees

Because Petitioners' claim was successful, the Act entitles them to a fees award. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for their attorneys, based on the years work was performed:

|  | **2015** | **2016-2018** | **2019** | **2020-2021** | **2022** |
|---|---|---|---|---|---|
| **Jeffrey Pop (Attorney)** | $400.00 | $420.00 | $453.00 | $470.00 | $520.00 |
| **Kristina Grigorian (Attorney)** | - | $250.00 | $292.00 | $325.00 | $410.00 |
| **Alexandra Pop (Attorney)** | - | $225.00 | $262.00 | $295.00 | $385.00 |
| **Thomas G. Hahn, Senior Paralegal** | - | $145.00 | $156.00 | $163.00 | $177.00 |
| **Law Clerks** | $125.00 | $125.00 | $138.00 | $150.00 | $165.00 |

ECF No. 94-2 at 37–123.

Mr. Pop and his associates/colleagues (who practice in Beverly Hills, California) are considered in forum, entitling them to commensurate rates established in *McCulloch*. *See Leal v. Sec'y of Health & Hum. Servs.*, No. 17-1008V, 2021 WL 3280505, at *2 (Fed. Cl. Spec. Mstr. July 6, 2021). The requested rates for the attorneys (as well as the law clerk work performed in this case) are also consistent with what has previously been awarded to them, based on their individual experience and in accordance with the Office of Special Masters' fee schedule.[3] *See Mason v. Sec'y of Health & Hum. Servs.*, No. 17-1383V, 2022 WL 4693380, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

### III.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $143,561.57 in outstanding costs, including medical record retrieval costs, costs associated with the work of three expert (Elizabeth Egan, M.D., Ph.D.; Lawrence Steinman, M.D.; and Jeffrey Silverman, M.D.), plus a life care planner (Brook Feerick, RN, CCM, CLCP) and economist (Karen Smith, M.B.A). ECF No. 94-3 at 125–318.

Dr. Egan authored three expert reports (ECF Nos. 13-1, 19-1, 67-1), and submitted an invoice for a total of $25,875.00 (at an hourly rate of $250.00 and a $2000.00 retailer fee). ECF No. 94-4 at 320–21. Dr. Steinman authored three expert reports (ECF Nos. 19-2, 34-1, 67-2), and submitted an invoice for a total of $23,100.00 (at an hourly rate of $500.00 for 2018 and 2019, and $550.00 for 2020, plus a $2,500.00 retainer fee).[4] ECF No. 94-5 at 323–24. Dr. Silverman authored one expert report and testified at hearing (ECF No. 32), and submitted an invoice for a total of $25,071.50 (at an hourly rate of $425.00 and a $2,000.00 retailer fee). ECF No. 94-6 at 326–27.

During the damages phase of the case, Petitioners obtained Ms. Feerick, who submitted an invoice for a total of $14,613.54 (at an hourly rate of $225.00). ECF No. 94-7 at 330–33. Petitioners also obtained Ms. Smith, who submitted an invoice for a total of $17,560.00 (at an hourly rate of $400 and a $3,000.00 retainer fee). ECF No. 94-8 at 337–38.

I find the total amount for the services of this collection of experts (including all requested hourly rates) was reasonable for the work performed, and I do not find any reason to make any reductions. All other requested litigation-oriented costs in this matter also appear reasonable, and they shall be awarded in full without reduction.

---

[4] I have previously granted the $50 hourly increase for Dr. Steinman's work due to his demonstrated experience in the Vaccine Program. *Mason v. Sec'y of Health & Hum. Servs.*, No. 17-1383V, 2022 WL 4693380, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022)

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs in its entirety, and award a total of **$413,642.67,** reflecting $270,081.10 in attorney's fees and $143,561.57 in costs in the form of a check made jointly payable to Petitioners and their attorney Mr. Jeffrey Pop.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.